Clyde D. Graeber, Secretary Kansas Department of Health and Environment 1000 S.W. Jackson, Suite 560 Topeka, Kansas 66612
Dear Secretary Graeber:
As Secretary for the Kansas Department of Health and Environment, you direct our attention to a provision within the Kansas Credentialing Act[1] requiring you to appoint a technical committee that will make findings regarding a credentialing application. This seven person technical committee must be comprised of three currently credentialed health care personnel and four consumers of health care.[2] In relation to your questions, the Act provides:
 "No member of the technical committee shall have a direct economic or personal interest in the credentialing or noncredentialing of health care personnel whose application for credentialing will be reviewed by the technical committee."[3]
The statute further provides that if a member of the technical committee has a direct economic or personal interest or otherwise has a conflict of interest concerning the credentialing or noncredentialing of health care personnel, the Secretary must replace such member.[4]
You ask whether, in either of the following two scenarios, a "personal interest" is demonstrated by a subsequently appointed member of a technical committee:
 • a person who signed a signature sheet in support of a credentialing application,[5] or
 • a state legislator who authored or sponsored legislation in support of a credentialing applicant.
The issues you raise concern the realm of "conflict of interest" which, in general, arises when a public official has an interest not shared in common with the other members of the public. A conflict of interest has also been expressed as contradictory desires tugging the official in opposite directions.[6] A "personal interest" is one type of a conflict of interest.
Because the term "personal interest" is not statutorily defined, we turn to common law and find guidance concerning conflicts of interest within a 1972 Kansas case:
 "We, of course, recognize the common law principle that a public officer owes an undivided duty to the public whom he serves and is not permitted to place himself in a position that will subject him to conflicting duties or cause him to act other than for the best interests of the public. If he acquires any interest adverse to those of the public, without a full disclosure it is a betrayal of his trust and a breach of confidence.
. . . .
 "The difficult problem which is often presented in conflict of interest cases is in determining whether or not the personal interest of the commissioner or board member is of a nature justifying disqualification to act. Usually this is a question to be determined under the peculiar facts and circumstances of the particular case presented to the court for determination."[7]
In a very helpful case from New Jersey, the Court quoted a commentator who distilled varying conflict of interest circumstances into four types of situations that would require disqualification:
 "(1) `Direct pecuniary interest' when an official votes on a matter benefitting the official's own property or affording a direct financial gain;
 "(2) `Indirect pecuniary interest' when an official votes on a matter that financially benefits one closely tied to the official, such as an employer, or family member;
 "(3) `Direct personal interest' when an official votes on a matter that benefits a blood relative or close friend in a non-financial way, but a matter of great importance;
 "(4) `Indirect personal interest' when an official votes on a matter in which an individual's judgment may be affected because of membership in some organization and a desire to help that organization further its policies."[8]
Based on the information presented, we cannot say as a matter of law that either the person who signed a signature sheet indicating support for the credentialing of a particular health care profession or the state legislator who sponsored legislation in support of the credentialing of a particular health care profession has a "personal interest" in such credentialing. However, neither can we say that either of these persons does not have a "personal interest." The reasons for supporting credentialing may be neutral, such as supporting a public policy of providing a choice for health care consumers, or may indicate a personal interest, such as supporting a benefit that would flow to a particular person or constituency. The Secretary must obtain additional information from these persons regarding why each supports credentialing and his or her relationship to those benefiting from credentialing then, using his discretion, determine for himself whether a "personal interest" exists.
In conclusion, after the Secretary of the Kansas Department of Health and Environment receives a credentialing application, he must appoint a technical committee to make findings regarding the application. No member of the technical committee may have a personal interest in the credentialing or noncredentialing of the health care personnel whose application for credentialing will be reviewed by the technical committee. A person has a "personal interest" if credentialing will benefit a blood relative or a close friend in a non-financial way, but in a matter of great importance, or if that person's judgment may be affected because of membership in some organization and a desire to help that organization further its policies. The Secretary must determine facts and circumstances concerning the apparent support of credentialing expressed by persons appointed to a technical committee and then, using his discretion, determine for himself whether a "personal interest" exists.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] K.S.A. 65-5001 et seq.
[2] K.S.A. 65-5003(a).
[3] Id.
[4] Id.
[5] "The secretary shall not accept a credentialing application unless such application is accompanied by the application fee and is signed by 100 or more Kansas resident proponents of credentialing the health care occupation or profession seeking to be credentialed." K.S.A. 65-5002(a), as amended by L. 2001, Ch. 5, § 260.
[6] 63C Am.Jur.2d Public Officers and Employees § 252 (1997).
[7] Anderson v. City of Parsons, 209 Kan. 337, 341-42 (1972).
[8] Wyzykowski v. Rizas, 626 A.2d 406, 414 (N.J. 1993) quoting Michael A. Pane, Conflict of Interest: Sometimes a Confusing Maze,Part II, New Jersey Municipalities at 8,9 (March 1980).